JOURNAL ENTRY and OPINION
{¶ 1} Appellant state of Ohio (the state) appeals from the trial court's decision granting defendant-appellee Kim Cunningham's (appellee) motion for judicial release. After reviewing the facts of the case and pertinent law, we dismiss for lack of a final appealable order.
 I. {¶ 2} On December 4, 2003, appellee was sentenced to one year in prison after the court found she violated community control sanctions from a previous sentence.[1] On February 20, 2004, appellee filed a motion for judicial release pursuant to R.C. 2929.20, which she withdrew on March 1, 2004. On June 18, 2004, appellee filed a second motion for judicial release and on July 7, 2004, she filed a motion to reinstate her original motion for judicial release, to which the state objected.[2] The court granted appellee's motion on August 31, 2004.
 {¶ 3} The state's sole assignment of error claims that the trial court erred when it granted appellee's motion for judicial release. Specifically, the state argues that the court lacked jurisdiction to grant the motion because it was not timely filed.
 {¶ 4} R.C. 2929.20 governs motions for judicial release, and the pertinent parts read as follows:
"Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release * * *. [I]f the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution."
R.C. 2929.20 (B)(1)(a).
 {¶ 5} Putting the merits of the state's timeliness argument aside, this court is required to raise jurisdictional issues involving final appealable orders sua sponte. In re Murray
(1990), 52 Ohio St.3d 155, 159. We have jurisdiction to review final appealable orders or judgments of lower courts within our district. However, if the matter before us is not a final appealable order, we have no jurisdiction to review it and the case must be dismissed. Gen. Acc. Ins. Co. v. Ins. Co. of N.America (1989), 44 Ohio St.3d 17, 20; Whitaker-Merrell v.Geupel Constr. Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 6} R.C. 2929.20 gives a trial court substantial discretion in deciding whether to deny or grant a motion for judicial release. However, the statute makes no provision for appellate review. Ohio case law holds that a denial of a motion forjudicial release is not a final appealable order. See State v.Coffman (2001), 91 Ohio St.3d 125, 129 (holding that a trial court's denial of a motion for shock probation, the pre-Senate Bill 2 equivalent of judicial release, is not a final appealable order).[3] See also State v. Ingram, Franklin App. No. 03AP-149, 2003-Ohio-5380; State v. Jennings, Montgomery App. No. 19287, 2002-Ohio-2585. On the other hand, the legislature has expressly authorized the state to appeal from an order grantingjudicial release to an offender convicted of a first or seconddegree felony. R.C. 2953.08(B)(3). For third, fourth or fifth degree felony offenses, there is no express right to appeal orders granting judicial release. See State v. Burgess (May 22, 2002), Greene App. No. 01-CA-87.
 {¶ 7} The instant case involves an order granting judicial release to an offender convicted of a fifth degree felony. The Ohio legislature is silent on the state's right to appeal granting judicial release in a fifth degree felony case. Neither the state nor appellee point to case law addressing this issue; our search revealed none as well. Additionally, the Coffman
court held that "[i]n matters of probation and parole, we have steadfastly refused to recognize a right of appeal absent a clear directive from the General Assembly that an appeal may be prosecuted." Coffman, 91 Ohio St.3d at 127. Given this, we must decide whether granting judicial release for a fifth degree felony is a final appealable order, thus giving us jurisdiction to review the instant case.
 {¶ 8} A final order is defined by R.C. 2505.02, and the pertinent part of that statute reads as follows: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects asubstantial right made in a special proceeding * * *." R.C.2505.02(B)(2) (emphasis added).
 {¶ 9} R.C. 2505.02 (A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Judicial release is a statutory creature, having not existed at common law before the legislature adopted R.C.2947.061 ("shock probation"), which was repealed and replaced by R.C. 2929.20. See Coffman, 91 Ohio St.3d at 127; State v.Green, Greene App. No. 02-CA-17, 2002-Ohio-2595. Therefore, granting or denying a motion for judicial release constitutes a "special proceeding." Burgess, supra, relying on Coffman,91 Ohio St.3d at 127 (ruling that "the determination of a shock probation motion is a `special proceeding' inasmuch as shock probation was a purely statutory creation and was unavailable at common law").
 {¶ 10} Having determined that granting judicial release is a special proceeding, we now analyze whether it affects a substantial right. "Substantial right" is defined in R.C.2505.02(A)(1) as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." In criminal proceedings, a final order as envisioned by R.C. 2505.02 usually does not arise until the sentence is imposed. See State v.Kuttie, Harrison App. No. 01-528-CA, 2002-Ohio-1029. Thus, postconviction relief issues arise after a criminal defendant's substantial rights have been addressed, and are often not final appealable orders, absent statutory language designating them as such. For example, the Ohio Supreme Court has refused to recognize a right of appeal, absent an express directive from the legislature, in matters of probation and parole. In re Varner
(1957), 166 Ohio St. 340.
 {¶ 11} Our ruling in State v. Young further supports this point. In Young, the state appealed an order granting shock probation, the statutory predecessor to judicial release. The shock probation statute, former R.C. 2947.061, made no provision for appellate review and there was no equivalent to R.C.2953.08(B)(3), which differentiates the appealability of first and second degree felonies from third, fourth and fifth degree felonies. Citing the Ohio Supreme Court's decision in State v.Fisher (1988), 35 Ohio St.3d 22, we held in Young that although the state has no absolute right to appeal the granting of shock probation, "an appellate court may, in its discretion, grant a motion for leave to appeal an order granting shock probation." State v. Young (Nov. 29, 2001), Cuyahoga App. No. 79113.
 {¶ 12} As previously discussed, Ohio courts have held that the denial of a motion for judicial release does not affect a substantial right, as defined for the purposes of a final appealable order. Additionally, the Ohio legislature has specifically spoken about appealing the granting of judicial release, expressly allowing an appeal only for first and second degree felonies. R.C. 2953.08(B)(3). This has changed from the days of shock probation, when there was no express right to appeal, regardless of the degree of the offense. A maxim of statutory interpretation is applicable to this case: expressio unius est exclusio alterius, meaning that "the expression of one thing is the exclusion of another." Black's Law Dictionary (6th Ed. 1990) 581. When the legislature "expressed" first and second degree felonies as appealable in terms of judicial release in R.C. 2953.08(B)(3), it excluded all other degrees of felonies from within this statutory right to appeal. Taking this framework into consideration, we conclude that granting judicial release for third, fourth or fifth degree felonies pursuant to R.C. 2929.20(B)(1)(a) is not a final appealable order.[4]
 {¶ 13} Accordingly, as we are without jurisdiction to hear the instant case, the state's appeal is dismissed.
Appeal dismissed.
It is ordered that appellee recover of appellant her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs; McMonagle, J., dissents. (see separatedissenting opinion.)
[1] Appellee was sentenced to community control sanctions after pleading guilty to theft in violation of R.C. 2913.02, a fifth degree felony.
[2] The state filed a motion in opposition to appellee's motion for judicial release on August 12, 2004, objecting on substantive grounds, i.e., that appellee had an extensive criminal record and that judicial release would demean the seriousness of the offense at issue. However, at the August 31, 2004 hearing regarding appellee's motion for judicial release, the state objected solely on procedural grounds, i.e., that the court lacked jurisdiction over the matter.
[3] The dissent surmises that Coffman is cited to support our holding in the instant case. On the contrary, Coffman is cited to survey the area of judicial release and lay a foundation for what amounts to an issue of first impression within our jurisdiction. As such, we agree with the dissent's conclusion that Coffman is inapplicable to the case at hand.
[4] The dissent assumes that the only redress available to the state when it questions the trial court's jurisdiction in granting judicial release for third, fourth or fifth degree felonies is a direct appeal. However, see Mason v. Griffin,104 Ohio St.3d 279, 2004-Ohio-6384, where the state sought, and the Ohio Supreme Court issued, a writ of prohibition when the trial court acted without jurisdiction in holding a sentencing hearing. See, also, State ex rel. State v. Lewis, 99 Ohio St.3d 97, 101,2003-Ohio-2476 (holding that "[i]n cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the availability of alternate remedies like appeal would be immaterial.")
 DISSENTING OPINION