OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Union County granting shock probation to defendant-appellee Jennifer Reed ("Reed").
 {¶ 2} On August 7, 2003, Reed was convicted of five felonies of the fourth degree and sentenced to a term of one year for each with the terms to be served concurrently. The trial court suspended the sentence and placed Reed on probation for three years. Reed subsequently absconded from supervision. On September 8, 2004, Reed was arrested for her probation violation. A hearing was held on the matter on November 3, 2004, and Reed admitted the violations alleged. The trial court then reimposed the original sentence of one year in prison, with credit for 55 days served. Reed was transported to the prison on November 10, 2004.
 {¶ 3} On February 3, 2005, Reed filed a motion for judicial release. The State filed its memorandum in opposition on February 9, 2005. The hearing was held on February 17, 2005. At the hearing, the motion for judicial release was modified to a hearing on shock probation due to the timing of the original offense. The trial court then granted the motion for shock probation. The State appeals from this judgment raising the following assignment of error.
The trial court erred in granting shock probation to [Reed] that wassentenced post-senate bill 2 for crimes committed in 1993 and then filedfor "judicial release" outside the strict time parameters for filing forshock probation under R.C. 2947.061.
 {¶ 4} This court notes that the State failed to comply with Loc.R. 7(D) of the Third District Court of Appeals. This rule requires the appellant to attach a copy of the judgment entry to the brief. The rule also requires the filer of the brief to attach copies of all unreported opinions cited in the brief. The State failed to attach a copy of the judgment entry and did not attach copies of all unreported opinions cited.
 {¶ 5} The Supreme Court of Ohio has addressed the question of whether denials of shock probation may be appealed. The Court held that the determination of a motion for shock probation pursuant to R.C. 2947.061
is a "special proceedings" as it was a purely statutory creation and was unavailable at common law. State v. Coffman, 91 Ohio St.3d 125,2001-Ohio-273, 742 N.E.2d 644. However the Court ruled that shock probation does not affect a substantial right.
Former R.C. 2947.061(B) did not create a legal right to shockprobation. Instead, the statute committed decisions regarding shockprobation to the plenary discretion of the trial court that imposed thesentence. R.C. 2947.061(C) provided that "[t]he authority granted by thissection shall be exercised by the judge who imposed the sentence forwhich the suspension is being considered." * * * In deciding whether togrant or deny a motion for shock probation, this judge was givenconsiderable discretion. R.C. 2947.071(B)'s terms were permissive innature. R.C. 2947.071(B) provided, for example, that a trial court "may,"upon the defendant's motion suspend further execution of the sentence. * ** R.C. 2947.071(B) also permitted the trial court to impose its own termsupon the granting of shock probation and required only that the termsimposed by the trial court include the required conditions of probationprescribed by R.C. 2951.02(C).
 In matters of probation and parole, we have steadfastly refused torecognize a right of appeal absent a clear directive from the GeneralAssembly that an appeal may be prosecuted. * * *
 * * * R.C. 2947.061(B) conferred substantial discretion whilesimultaneously making no provision for appellate review. In the absenceof such an express provision, we can only conclude that a trial court'sorder denying shock probation pursuant to former R.C. 2947.061(B) is nota final appealable order.
* * *
[W]e conclude that a trial court's order denying shock probationpursuant to former R.C. 2947.061(B) is not a final appealable orderregardless of whether the denial constitutes a constitutional orstatutory violation.
Id. at 127-129 (citations omitted). The Court however, remained silent about whether the granting of a motion for shock probation was appealable.
 {¶ 6} In State v. Cunningham, 8th Dist. No. 85342, 2005-Ohio-3840, the question of whether the granting of a motion for judicial release is appealable is addressed by reviewing cases concerning shock probation as well as judicial release. This court notes that the statute providing for shock probation was repealed in 1996 and replaced with R.C. 2929.20, which provides for judicial release. Both shock probation and judicial release are special proceedings. Id. A final order is one that may be reviewed, affirmed, modified or reversed when it affects a substantial right made in a special proceeding. Id. at ¶ 8 (citing R.C.2505.02(B)(2)). "Therefore, granting or denying a motion for judicial release constitutes a `special proceeding'." Id. Thus, the question is whether the granting of shock probation affects a substantial right.
 {¶ 7} A substantial right is one entitled to enforcement or protection by the United States Constitution, the Ohio constitution, a statute, common law, or a procedural rule. R.C. 2505.02(A)(1). "[P]ostconviction relief issues arise after a criminal defendant's substantial rights have been addressed, and are often not final appealable orders, absent statutory language designating them as such." Cunningham, supra at ¶ 10. No provision for appeal of shock probation was provided. Coffman,
supra. Thus, the granting of shock probation is not a final appealable order. Cunningham, supra at ¶ 12.
 {¶ 8} Accordingly, this court lacks jurisdiction to hear the instant case and the State's appeal is dismissed.
Appeal Dismissed.
 Cupp, P.J. and Shaw, J., concur.