[Cite as *State v. Burnside*, 2010-Ohio-4183.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 179 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JOHN O. BURNSIDE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Motion for Reconsideration
                              Case No. 1984 CR 652

JUDGMENT:                     Overruled.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      John O. Burnside, Pro se
                              #17973-004
                              U.S.P. Allenwood
                              U.S. Penitentiary
                              P.O. Box 3000
                              White Deer, PA  17887-3000

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                             Dated:  September 1, 2010

PER CURIAM.

**{¶1}** Appellant John Burnside has filed a motion for reconsideration of our Opinion affirming the trial court's decision to overrule his second postsentence attempt to vacate his guilty plea. *State v. Burnside*, 7th Dist. No. 09 MA 179, 2010-Ohio-3158. Appellant pleaded guilty to felonious assault in 1984. He was sentenced to an indeterminate sentence of four to fifteen years in prison and was paroled in 1988. Thirteen years later he attempted to vacate his guilty plea, and failed. *State v. Burnside*, 7th Dist. Nos. 01-CA-215, 01-CA-216, 2002-Ohio-5216. On August 5, 2009, he filed a motion to withdraw his plea, which was rejected by the trial court. We affirmed the trial court's judgment on the basis of res judicata and waiver. We concluded that Appellant could have raised any issues regarding the plea in his prior attempt to vacate it, and that the errors he raised regarding the signatures on the indictment were waived by entering into a guilty plea to the felonious assault charge. Appellant now contends that we should not have relied on res judicata as a basis for affirming the trial court's judgment because this argument was not asserted by the state in the trial court proceedings, and that he did not waive any errors regarding the indictment because the errors related to the subject matter jurisdiction of the trial court.

**{¶2}** Appellant's pro se motion does not indicate his basis for filing a motion for reconsideration, but we must presume the motion was filed pursuant to App.R. 26(A). "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not

considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766, ¶16, citing *State v. Owens* (1996), 112 Ohio App.3d 334, 336, 678 N.E.2d 956.

{¶3} Appellant's first argument is that we should not have discussed the doctrine of res judicata because it was not raised by the state as a defense at the trial court level in response to his motion to withdraw the guilty plea. In the civil law context, res judicata is the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and acts as an absolute bar to a subsequent action involving the same claim. *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 132, 712 N.E.2d 713. In civil proceedings, the doctrine of res judicata is an affirmative defense, and by rule, is raised in responsive pleadings at the trial court level of the proceedings. See Civ.R. 8. This case, though, is criminal in nature, not civil. "In the criminal law context, [the Ohio Supreme Court] has held that issues that could have been raised on direct appeal and were not are res judicata and not subject to review in subsequent proceedings." *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶6. This Court and other appellate courts have raised the doctrine of res judicata when reviewing postconviction and postsentence motions and rulings, particularly in response to repeated pro se filings by a defendant in which it is difficult, if not impossible, to fully decipher the nature of the arguments being presented. *State v. Madden*, 10th Dist.

No. 08AP-172, 2008-Ohio-2653; *State v. Davis*, 7th Dist. No. 08 MA 174, 2009-Ohio-4634; *State v. Barcus*, 5th Dist. No. 09 CA 51, 2009-Ohio-3388. We also note that the state did not raise the matter of res judicata earlier because the trial court overruled Appellant's motion to withdraw before the state had an opportunity to address its merits. In this context, it was entirely appropriate for us to discuss and rely on the doctrine of res judicata in rendering our Opinion.

{¶4} Appellant's second argument is that we mischaracterized some of the statements he made in his direct appeal regarding the validity of the indictment. He contends that we did not correctly interpret what he was arguing in his direct appeal. Appellant's motion for reconsideration repeats the argument from his direct appeal that the indictment was improper because it did not have a second page stating that it was a "true bill" and did not contain the proper signatures to indicate it was approved by the grand jury. A review of the matter reveals that we did not mischaracterize Appellant's argument and it remains clear that he waived this argument when he entered his guilty plea. Appellant simply disagrees with our decision, and this is not a basis for reconsideration.

{¶5} Based on the foregoing, Appellant's motion for reconsideration lacks merit and is overruled.

Waite, J., concurs.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.