[Cite as *State v. Gill*, 2010-Ohio-5525.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 71 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HEIDI A. GILL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the County Court
No. 4 of Mahoning County, Ohio
Case No. 2008 CRB 673

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. James E. MacDonald
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:      Atty. Martin E. Yavorcik
3227 Belmont Avenue
Youngstown, Ohio 44505

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: November 12, 2010

WAITE, J.

{¶1}   Appellant Heidi Gill is challenging the misdemeanor sentence imposed on her after she was convicted of one count of assault.  The Mahoning County Court No. 4 sentenced her to 180 days in jail, with 145 days suspended, and a $1,000 fine, with $750 suspended.  There were a variety of other conditions of sentencing as well, such as continuous alcohol monitoring, restitution to the victim, abstinence from all alcoholic beverages, no contact with the victim and two years of probation.  The trial court also ordered an ignition lock be put on her car and required Appellant to attend meetings with a psychologist and with Alcoholics Anonymous.  Appellant argues that her sentence is not proportional to sentences given to similar defendants.  Because Appellant relies on evidence not in the record, the argument has no merit.  Appellant also argues that the trial court did not consider the sentencing factors found in R.C. 2929.21-22, but the record indicates otherwise.  Both assignments of error are, thus, without merit and the judgment of the trial court is affirmed.

## Background of the Case

{¶2}   On July 2, 2008, Appellant was arrested after randomly approaching and assaulting Brittnee Bullen in the Denny's Restaurant in Austintown.  Appellant was intoxicated at the time.  Appellant slapped and punched the victim, and tore out a clump of hair from her head.  Appellant was 40 years old at the time and the victim was 18.  Appellant was charged with assault under R.C. 2903.13(A), a first degree misdemeanor, and with disorderly conduct.

{¶3}   On December 18, 2008, Appellant, who was represented by counsel, entered a plea of no contest to the assault charge.  The disorderly conduct charge

was dismissed. The state agreed to stand silent at sentencing with respect to the penalty to be imposed. Sentencing was held on April 6, 2009. Appellant and the victim gave statements at sentencing, along with Appellant's psychologist, Dr. Darnall. A pre-sentence investigation report had also been prepared for the hearing.

{¶4} The victim stated that she continues to be afraid to appear in public after the assault, and that she has ongoing back pain from the incident.

{¶5} Appellant's attorney stated that Appellant was tasered during an arrest in Warren, Ohio, and that she now suffers grand mal seizures resulting from that incident. She is being treated by an array of doctors and receives some treatment at the Cleveland Clinic. He alleged that she blacks out repeatedly and her behavior has changed since the tasering incident. She blacked out in a hospital in 2008 and broke both of her arms from the fall. Although she has no memory of the assault on Ms. Bullen, Appellant accepted full responsibility for the crime. Her attorney stated that she had no prior history of violent crime. He said that Appellant is under a great deal of stress because she is working full-time, is raising a five-year-old child, and is dealing with a federal civil lawsuit in Cleveland relating to the tasering incident.

{¶6} Dr. Darnall testified that he began seeing Appellant after she was tasered in 2007. She was diagnosed with post-traumatic stress disorder, excess anxiety, and avoidance behavior. She was supposed to have visited Dr. Darnall seven or eight times between the plea hearing and the sentencing hearing, but she only kept three appointments. According to Dr. Darnall, Appellant consumes excessive amounts of alcohol as a means to deal with her anxiety. She assured Dr.

Darnall that she was attending AA meetings, even though he was not getting any written confirmation from AA. Dr. Darnall also testified that Appellant was taking medications, including Celexa, Xanax and anti-seizure medicine, that should not be combined with alcohol.

{¶7} Appellant testified that she did not know the victim before the assault. She acknowledged that she is not handling her post-traumatic stress properly. She admitted to the court that she had been out drinking with a friend at a bar just a week before the sentencing hearing. She stated that she drinks at home to calm down. She said that "[e]very once in a while when I go out, I just, I drink too much." (4/6/09 Tr., p. 23.) She could not give the court an answer when the judge asked how often she goes to AA meetings. Appellant acknowledged that she was taking a seizure medication that may not be combined with alcohol. Appellant admitted that she had been out drinking twice in the weeks just prior to her sentencing hearing. (4/6/09 Tr., p. 23.)

{¶8} The record indicates that Appellant has a variety of traffic convictions, including one for operating a vehicle while intoxicated, and was arrested but not convicted on five charges in Warren Municipal Court, including charges for assault on a police officer and resisting arrest.

{¶9} Appellant's attorney requested probation and restitution. Per the agreement, the prosecutor made no sentencing recommendation.

{¶10} The court issued its judgment on April 9, 2009. The court imposed 180 days of jail time, with 145 days suspended and credit for 5 days served, leaving a

remaining jail term of 30 days. The court permitted her to serve the time on weekends. The court imposed a fine of $1,000, with $750 suspended. The court ordered restitution to the victim and that Appellant was to have no contact with the victim. The court imposed 24 months of reporting probation, ordered Appellant to be placed on continuous random home monitoring at her own cost and decreed that any use of alcohol would constitute an immediate violation of probation and would result in the probable imposition of all suspended jail time. The court ordered Appellant not to operate any motor vehicle without an ignition interlock, to be installed at her own cost. Appellant was also ordered to attend a minimum of two AA meetings per week and provide proof of attendance to the probation department and to continue treatment with her psychologist and psychiatrist and provide proof to the court. Finally, the court ordered Appellant to be compliant with all of her prescribed medications.

**{¶11}** This appeal was filed on April 20, 2009. Appellant requested a stay of execution from this Court on April 21, 2009. On April 23, 2009, we ruled that the jail sentence and fine would be stayed, but that all remaining orders and conditions of the sentence would remain in force. Appellant has advanced two assignments of error in this appeal.

ASSIGNMENTS OF ERROR

**{¶12}** "THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE THAT WAS NOT CONSISTENT WITH SENTENCES FOR SIMILAR DEFENDANTS, AS PER R.C. 2929.21(B)."

**{¶13}** "THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE PROPER FACTORS AND OVERRIDING PURPOSES OF MISDEMEANOR SENTENCING WHEN IT DETERMINED THE APPELLANT'S SENTENCE."

**{¶14}** Appellant contends that her sentence is disproportionately severe compared to sentences in similar cases, and that the trial court failed to consider all the relevant sentencing factors in R.C. 2929.21-22. In general, the sentencing court should be guided by the overriding purposes of misdemeanor sentencing found in R.C. 2929.21(A), which are to protect the public from future crime by the offender and others, and to punish the offender. In order to achieve those purposes, the sentencing court is to consider the impact of the offense upon the victim, the need for changing the offender's behavior, the need for rehabilitating the offender, and the need for making restitution to the victim of the offense and to the public. As we observed in *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812:

**{¶15}** "According to R.C. 2929.22, the trial court must consider the criteria listed in that statute before sentencing someone convicted of a misdemeanor. However, the trial court is not required to recite on the record its reasons for imposing the sentence. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that

the trial judge followed the standards in R.C. 2929.22, absent a showing otherwise. Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing." (Citations omitted.) Id. at ¶24.

{¶16} The sentencing court has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code. R.C. 2929.22(A). An appellate court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶15. An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶17} Although a sentencing court formerly was required to make specific factual findings prior to imposing a maximum sentence, that requirement was eliminated after the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470. Although *Foster* involved felony sentencing, we have specifically invalidated as unconstitutional the requirement in R.C. 2929.22(C) that the trial judge make factual findings as a prerequisite to imposing a maximum misdemeanor sentence. *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶27-28, 34-38.

{¶18} Appellant's first assignment of error is based on R.C. 2929.21(B), which states:

**{¶19}** "(B) *A sentence imposed for a misdemeanor* or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section *shall be* reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with sentences imposed for similar offenses committed by similar offenders.*" (Emphasis added.)

**{¶20}** In an attempt to show that her sentence was not consistent with those in similar cases, Appellant cites us to the trial record in 23 other criminal cases. None of the information about those other cases is contained in the record of the instant appeal because it was not first presented to the trial court. " '[A]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must * * * be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal.' " *State v. Bell*, 2d Dist. No. 2004-CA-5, 2005-Ohio-655, ¶140, quoting *State v. Roberts*, 8th Dist. No. 84070, 2005-Ohio-28, ¶60.

**{¶21}** Appellant also argues that the trial court failed to consider all the relevant sentencing factors and abused its discretion in imposing 35 days of actual jail time. Appellant acknowledges that the court has discretion in sentencing, and that there is a presumption that the court considered the proper sentencing factors even if the record is silent on the matter. Appellant argues that the court failed to

properly consider whether such a harsh sentence was needed to protect the public from future crime. Appellant argues that she does not have an extensive criminal history and that all charges from the Warren tasering incident were dismissed. Appellant believes the trial court should not have considered the charges from Warren Municipal Court as a factor in her sentencing. Appellant contends that there was no proof that she was likely to commit future crimes. Appellant submits that she provided ample evidence of her remorse, and that this mitigating evidence should have eliminated the need for her to spend any more time in jail.

{¶22} R.C. 2929.22(B) lists the factors that the court must consider when imposing a misdemeanor sentence. R.C. 2929.22(B) states:

{¶23} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

{¶24} "(a) The nature and circumstances of the offense or offenses;

{¶25} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

{¶26} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

**{¶27}** "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

**{¶28}** "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

**{¶29}** ''(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶30}** "(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. * * *

**{¶31}** "(D)(1) A sentencing court shall consider any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority regarding sentencing for a misdemeanor. This division does not create any rights to notice other than those rights authorized by Chapter 2930. of the Revised Code. * * *"

**{¶32}** The trial court did not explain which sentencing factors were considered or relied upon during sentencing. This lack of explanation does not create reversible error unless there were "mitigating factors without any aggravating factors given at the sentencing hearing." *Crable*, supra, at ¶24. There are obviously many

aggravating factors apparent from the record, not the least of which is Appellant's failure to address her drinking problem, a problem which she acknowledged was a major factor in the assault.

{¶33} Appellant argues that it was error for the court to consider the criminal charges that were dismissed from Warren Municipal Court. Although there is no indication that the trial court imposed a more severe punishment based on the dismissed charges from Warren Municipal Court, there would have been no error had this clearly been a factor in the sentence. A trial court may consider facts relating to other criminal charges even if those charges have been dismissed. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97. Appellant's entire prior criminal record, including a prior DUI, are strong indications that the trial court did not abuse its discretion in formulating the sentence in this case, including the imposition of 35 days of actual jail time

{¶34} The record is clear that the prevention of future crime was a major concern in the court's sentence, and justifiably so. Appellant committed a random act of violence she attributes to her consumption of alcohol. Appellant admitted that she had a drinking problem, that she should not be drinking due to medications she was taking, and that she continued drinking even after she entered her no contest plea in this matter. The sentence was crafted, in part, to monitor and control Appellant's drinking problem. Thus, the record supports the conclusion that the trial court was aware of the danger Appellant posed to the public when she drank, and that the sentence was specifically designed to help protect the public from future harm by

correcting or containing her drinking problem. Although the judge did not expressly state which sentencing factors were considered, the sentence itself demonstrates that the court considered the appropriate factors.

**{¶35}** Appellant has not shown that any error or abuse of discretion took place at sentencing, and her assignments of error are overruled. The judgment of conviction and sentence are affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.