[Cite as *State v. Moore*, 2013-Ohio-4454.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 BE 7 |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JOHNATHON MOORE, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Common Pleas Court, Case No. 95 CR 252.

JUDGMENT: Reversed. Judicial Release Vacated.

APPEARANCES:
For Plaintiff-Appellant:

Attorney Chris Berhalter
Prosecuting Attorney
Attorney Daniel P. Fry
Asst. Prosecuting Attorney
147-A W. Main Street
St. Clairsville, OH 43950

For Defendant-Appellee:

Attorney Joseph Vavra
132 West Main Street
P.O. Box 430
St. Clairsville, OH 43950

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 30, 2013

DeGenaro, P.J.

{¶1} Appellant, the State of Ohio, appeals an April 23, 2013 judgment of the Belmont County Court of Common Pleas granting Appellee Johnathon Lee Moore's motion for early release/shock probation. The State argues that the trial court's decision to release Moore was contrary to law because the former shock probation statute does not apply to Moore; and alternatively if it does apply, Moore was ineligible for shock probation for several reasons. In response, Moore contends first that the trial court's decision is not a final appealable order; and second, it was within the trial court's discretion to order his release, especially considering that the trial court cited concerns about the validity of Moore's 1996 guilty plea as an alternative basis for granting his motion.

{¶2} The former shock probation statute, R.C. 2941.061, applies to Moore's motion, not the current judicial release statute. Further, the trial court's judgment granting shock probation and ordering Moore's early release from prison is a final, appealable order, from which the state's right to appeal is discretionary, not absolute.

{¶3} The State's arguments are meritorious. First, the trial court should not have considered Moore's motion for shock probation since he had already filed a prior motion, which the court overruled. Second, because Moore committed the offenses with a firearm, he is not eligible for probation, which is a prerequisite for shock probation eligibility under former R.C. 2947.061. Finally, the trial court erred by finding Moore's plea was "constitutionally flawed" and a basis for granting his release; consideration of that issue was barred by res judicata. Accordingly, the judgment of the trial court is reversed, and the order granting Moore judicial release is vacated.

## Facts and Procedural History

{¶4} This matter arises from a criminal case in Belmont County in the mid-1990's. Moore's actions, having "outraged the community and given rise to a fear of further lawlessness," were set forth in this court's opinion in Moore's direct appeal:

> On October 5, 1995, [Moore], a seventeen year old juvenile at the time, took his father's car without permission. [Moore's] father reported the vehicle stolen to the Martins Ferry Police Department, and the vehicle was

later spotted by Officers Caprita and Bumba of the Bridgeport Police Department. A high speed chase ensued, which culminated with [Moore] exiting the vehicle and firing a shotgun at the police cruiser. Officer Bumba was hit in the hand causing serious injury. As the officers proceeded to a local hospital, appellant continued to discharge the shotgun, injuring Cassie Imer, appellant's former girlfriend, and James Carmen, a friend of appellant. Shortly thereafter, the police located appellant inside Imer's residence holding the barrel of the shotgun to his own head. Eventually [Moore] was persuaded by his parents to refrain from taking his own life and to surrender the weapon to police.

*State v. Moore*, 7th Dist. No. 96-BA-21, 1997 WL 567967, *1 (Sept. 5, 1997) (*Moore I*)

{¶5} Moore was bound over for criminal prosecution as an adult and convicted of four counts of felonious assault, aggravated second-degree felonies (R.C. 2903.11(A)(2)), each with an accompanying firearm specification (R.C. 2941.141), following a guilty plea. Moore was sentenced to an aggregate prison term of 35 to 63 years. Moore appealed his conviction arguing that the juvenile court erred in ordering that he be bound over for trial as an adult and in permitting an incomplete psychological examination to be conducted. He did not challenge his plea or sentence. This court affirmed in *Moore I, supra.*

{¶6} Moore later filed a pro-se post-conviction petition with the trial court which, pertinent to this appeal, asserted trial counsel was ineffective as he allegedly advised Moore that in exchange for pleading guilty he would be sentenced to concurrent terms. Moore argued that had he known consecutive sentences would be imposed he would not have pled guilty. The trial court denied the petition on the merits, finding " 'the defendant was represented by competent counsel and said counsel represented the defendant effectively.' " *State v. Moore*, 7th Dist. No. 99-BA-5, 2000 WL 341117 (Mar. 31, 2000) (*Moore II*) (quoting trial court.) On appeal, this court dismissed for lack of jurisdiction, concluding the post-conviction petition was untimely and neither of the exceptions in R.C. 2953.23(A) applied. *Id.* at *2-3.

**{¶7}** Moore filed early release motions in 2002 and 2004, both of which he was permitted to withdraw before they came for decision. Moore filed a third motion on April 14, 2006, which the State opposed. A hearing was scheduled, but then the judgment entry setting the hearing was "set aside and held for naught" and the early release motion was overruled in a June 5, 2006 judgment entry.

**{¶8}** On December 30, 2008, Moore was granted a parole hearing for February 2009, but parole was denied.

**{¶9}** On December 7, 2009, the trial court sua sponte set Moore's early release for hearing, which was held on December 14, 2009 with Moore present. Testimony was taken, but ultimately the court stayed decision on the matter. A transcript of this hearing is not included in the trial court record.

**{¶10}** On February 2, 2012, Moore filed another motion for judicial release, citing R.C. 2929.20. By judgment entry, the trial court ruled:

> The Court finds that the crimes committed occurred prior to the effective date of §2929.20, thereby making that section inapplicable.
>
> The Court further finds that the entry of 6/5/2006 was entered in error. Defendant granted an opportunity to withdraw the motion giving rise to the entry of 6/5/2006 by docket entry dated no later than 4/1/2012.
>
> The Court further finds more than 60 days have elapsed since the filing of the motion citing ORC 2929.20. Defendant is granted leave to withdraw said motion and refile pursuant to ORC 2947.061.

**{¶11}** Moore then filed two motions asking the trial court to withdraw his 2012 and 2006 early release motions, which the trial court granted; finding it had entered the 2006 entry overruling Moore's April 14, 2006 early release motion "in error."

**{¶12}** On April 4, 2012, Moore filed a motion for shock probation/judicial release, this time citing R.C. 2947.061(B). Moore asserted he should be released because he

had been sufficiently punished for his conduct; had been an exemplary prison inmate; his behavior and character demonstrated he would respond affirmatively to probationary terms; and that recidivism would be unlikely.

**{¶13}** On May 2, 2012, the State filed a brief in opposition, asserting R.C. 2947.061 did not apply to Moore; and alternatively, assuming it did, Moore was ineligible due to the nature of his crimes. The State did not provide any evidence to rebut Moore's contention that Moore had an exemplary record while incarcerated.[1]

**{¶14}** No hearing was held on the motion.

**{¶15}** Nearly one year later, on April 23, 2013, the trial court issued a judgment granting Moore's motion and ordering his release from prison. This timely appeal followed the same day, along with a motion for stay, which was opposed by Moore. This court issued a judgment temporarily sustaining the stay motion, pending further hearing on the matter. The State filed an amended notice of appeal and request for leave to file an appeal, along with a supplement to their stay motion on April 30, 2013. After a hearing, this court granted leave to appeal, granted the stay, and placed the matter on the expedited calendar.

## Applicable Statute

**{¶16}** On appeal, the State lists one "question of law for appeal," which is essentially an assignment of error:

**{¶17}** "Whether the Trial Court's decision to release this incarcerated Defendant under Shock Probation or Judicial Release was contrary to law."

**{¶18}** We must first resolve two threshold legal issues before addressing the merits: 1) whether the old shock probation statute or the current judicial release statute applies; and 2) whether the trial court's judgment releasing Moore constitutes a final appealable order. We will begin our analysis with determining the applicable statute, which in turn will apply to the resolution of both the jurisdictional and merit issues.

---

[1] Although the State discusses Moore's 2010 prison infractions in its brief, this information is not contained in the trial court record and cannot be considered on appeal. *See, e.g., State v. Gill*, 7th Dist. No. 09 MA 71, 2010-Ohio-5525, ¶20.

**{¶19}** Regarding the applicable law, because Moore committed the crimes in 1995 the current judicial release statute, R.C. 2929.20, which became effective via Senate Bill 2 on July 1, 1996, does not appear to apply to him. *See State v. Curik,* 8th Dist. No. 80254, 2002-Ohio-963, *2 (citing cases). *Curik* and similar cases rely on *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998), at syllabus, which concluded that sentencing provisions of Senate Bill 2 apply only to crimes committed on or after its effective date of July 1, 1996 and, are not to be applied retroactively.

**{¶20}** Instead, the former shock probation statute, R.C. 2947.061, applies. In *State Young*, 8th Dist. No. 79113, 2001 WL 1671431 (Nov. 29, 2001), for example, the Eighth District held that "because [the defendant] was sentenced for crimes committed prior to July 1, 1996, the provisions of R.C. 2929.20 are not applicable to him. Accordingly, he was not eligible for judicial release pursuant to R.C. 2929.20. Individuals who committed crimes prior to July 1, 1996, may, however, seek shock probation in accordance with former R.C. 2947.061." *Id.* at *3.

**{¶21}** Further, in *State v. Coffman*, 91 Ohio St.3d 125, 742 N.E.2d 644 (2001), the Ohio Supreme Court held that despite the fact that the General Assembly repealed R.C. 2947.061, and although the provisions of the judicial release statute apply only to offenses committed after July 1, 1996, that shock probation pursuant to "R.C. 2947.061 is available to those who, like appellant, committed their crimes prior to this date." *Id.* at 126.

**{¶22}** The State argues that because Moore was sentenced before July 1, 1996, neither the judicial release statute nor the old shock probation statute applies to him, citing *State v. Romine*, 5th Dist. No. CT2001-0047, 2001 WL 1326921 (Oct. 23, 2001). In *Romine*, the pro-se appellant filed an early release motion in the trial court and on appeal asserted, inter alia, that the trial court erred by denying him a pre-sentence report, which he insisted was necessary for the court to consider his motion. The Fifth District held:

> We find appellant is not eligible for judicial release pursuant to R.C.
> 2947.061. This statute was repealed by the Ohio Legislature in Senate Bill

2, effective July 1, 1996, and the relief contained in R.C. 2947.061 is no longer available. As the State points out, the statute provided a defendant shall not file more than one motion pursuant to the statute, and the record demonstrates appellant filed such a motion in 1992. R.C. 2929.20, effective July 1, 1996, as a portion of Senate Bill 2, applies only to persons sentenced to prison after July 1, 1996, see *State v. Rush* (1998), 83 Ohio St.3d 53. Because we find no relief was available to appellant for judicial release, we find no error in the court not directing a pre-sentence report be prepared.

*Id.* at *1.

**{¶23}** *See also State v. Kelly*, 5th Dist. No. CT2002-0027, 2003-Ohio-337, ¶11-13 (following *Romine*, holding that the neither shock probation law nor the judicial release statute applies to defendants sentenced after July 1, 1996), conflict certified and discretionary appeal allowed by Ohio Supreme Court but subsequently dismissed without opinion, 99 Ohio St.3d 1549.

**{¶24}** *Romine* and *Kelly* are outlying cases we decline to follow for several reasons. Primarily, they conflict with the Ohio Supreme Court's decision in *Coffman*; secondly, both S.B. 2 and *Rush* provide that the amended sentencing provisions apply to offenders who *committed* crimes after July 1, 1996. And arguably the statement in *Romine* concerning the inapplicability of the shock probation statute was dicta, since the Fifth District also found that early release under that statute was not possible because the defendant had already filed an earlier motion for shock probation. *Romine* at *1.

**{¶25}** Accordingly, pursuant to the language contained in S.B. 2, and the decisions in *Rush, Coffman,* and *Curic*, former R.C. 2947.061 applies to Moore's early release motion.

**Jurisdiction**

{¶26} Turning now to the jurisdictional issue raised by Moore, we must determine whether the order from which the State appeals is final and appealable. The Ohio Supreme Court has held that an order *denying* shock probation under former R.C. 2947.061 is not final and appealable. *Coffman*, *supra*, 91 Ohio St.3d 125. The Third District has extended *Coffman* to situations where shock probation is *granted*. *State v. Reed*, 3d Dist. No. 14-05-08, 2005-Ohio-5759.

{¶27} However, other Districts have concluded that while the state has no absolute right to appeal the granting of shock probation, "an appellate court may, in its discretion, grant a motion for leave to appeal an order granting shock probation." *State v. Young*, *supra*, 8th Dist. No. 79113, *2. In *Young*, the Eighth District explained:

In light of *State v. Coffman* (2001), 91 Ohio St.3d 125, we must first consider whether the trial court's order granting appellee's motion for super shock probation is a final appealable order. In *Coffman*, the Supreme Court of Ohio held that "a trial court's order denying shock probation pursuant to former R.C. 2947.061 is never a final appealable order." Id. at the syllabus. Significantly, the Ohio Supreme Court also found that former R.C. 2947.061 made no provision for appellate review and noted that it was "not surprising" that "the General Assembly chose to place this decision within the plenary discretion of the sentencing court" because "probation has always been viewed as a matter that lies within the judgment of the trial judge." Id. at 128. Although the holding in *Coffman* is limited to the denial of a motion for shock probation, we consider whether it also applies to an order granting a motion for shock probation, as in this case. We conclude that it does not apply.

In *State v. Fisher* (1988), 35 Ohio St.3d 22, which was decided before *Coffman*, the Ohio Supreme Court held that the State may appeal an order granting shock probation. The Supreme Court noted that the right

is not absolute, however, and the decision to grant or deny leave to appeal in such cases "rests solely within the discretion of the court of appeals." Id. at 23. Because the Supreme Court of Ohio had an opportunity in *Coffman* to overrule *Fisher* but did not do so, it is apparent that the Supreme Court has carved out a distinction between orders granting shock probation and those denying it. Thus, although a trial court order denying shock probation is never a final appealable order, an appellate court may, in its discretion, grant a motion for leave to appeal an order granting shock probation.

Accordingly, after review of the State's motion for leave to appeal the trial court's order granting appellee's motion for shock probation, we grant the State's motion and proceed to the merits of its appeal.

*Young* at *2.

{¶28} We find the analysis of the Eighth District persuasive. Pursuant to *Fisher* an order granting shock probation from which the state's right to appeal is discretionary, not absolute, may be heard by a court of appeals within its discretion. In this case, we exercise our discretion to hear the State's appeal. Accordingly, Moore's jurisdictional argument is meritless.

**Early Release**

{¶29} Turning to the merits of this appeal, the State contends Moore is ineligible for shock probation for several reasons. The pertinent section of the former shock probation statute provided as follows:

Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a

state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.

A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon him, and the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division. The court shall hear any motion authorized by this division within sixty days after it is filed and shall enter its ruling on the motion within ten days after the hearing. In ruling on the motion, the court shall consider any statement made pursuant to section 2930.17 of the Revised Code by the victim of the offense for which sentence was imposed.

Former R.C. 2947.061(B) (subsection sometimes termed "super shock probation.")

{¶30}  First, the trial court should not have considered Moore's motion for shock probation since he had already filed a prior motion, which the court overruled.  In *State v. Wells*, 8th Dist. No. 82334, 2003-Ohio-4071, ¶10, the Eighth District held that former R.C. 2947.061(B) permits a trial judge to consider only one motion for shock probation; it is without jurisdiction to consider any subsequent motions.  That the trial court here later sua sponte vacated its 2006 judgment denying Moore's prior early release motion cannot be used as an argument to circumvent the statutory prohibition against multiple motions. The holding in *Wells* reinforces long held statutory construction principle that clear unambiguous language used by the legislature is to be given deference by the courts, particularly where, as here, the law is a "special statutory procedure."  *Id*. at ¶9 citing *State v. Smith*, 42 Ohio St.3d 60, 61, 537 N.E.2d 198 (1989) (special statutory procedures must be strictly construed).  Former R.C. 2947.061(B) does not provide any exceptions to the one motion limitation.

{¶31}  Second, Moore is not eligible for shock probation under former R.C. 2947.061(B) because he committed these crimes using a firearm.  The Ohio Supreme Court held that eligibility for probation is a prerequisite to eligibility for shock probation; where an offender committed the offense with a firearm he is ineligible for any probation,

shock or otherwise. *State v. Bistarkey*, 75 Ohio St.3d 7, 8-9, 661 N.E.2d 167 (1996).

**{¶32}** Thus, the trial court should not have even considered Moore's motion for shock probation/early release since he was ineligible in the first instance. Moreover, the trial court lacked jurisdiction to consider the instant motion because it had already overruled a prior motion in 2006.

**{¶33}** Nonetheless, Moore contends it was within the trial court's discretion to order his release, especially considering that the trial court cited concerns about the validity of Moore's 1996 guilty plea as an alternative basis. In its judgment the trial court sua sponte engaged in an extensive discussion of Moore's guilty plea, concluding that because Moore was not informed of the maximum punishment for the crimes that his plea was "constitutionally flawed." The trial court made this finding despite the fact that this same trial judge presided over the entire history of this case: Moore's plea, sentence, post-conviction petition and the two previous early release motions; as well as the present motion which is the subject of this appeal.

**{¶34}** Moore never challenged his guilty plea via direct appeal, an App.R. 26 application to reopen his direct appeal, or a post-sentence motion to withdraw his plea. He asserted in his pro-se post-conviction petition that trial counsel was ineffective for failing to notify him of the possibility of consecutive sentences. That petition was dismissed on the merits by the trial court; on appeal this court did not reach the merits, concluding that the petition should have been dismissed as untimely. *Moore II, supra.* Thus, any argument relative to the validity of Moore's plea is barred by res judicata. *See generally State v. Burnside*, 7th Dist. No. 09 MA 179, 2010-Ohio-4183, ¶3.

**Conclusion**

**{¶35}** The former shock probation statute, R.C. 2941.061, applies to Moore's motion, not the current judicial release statute. Further, the trial court's judgment granting shock probation and ordering Moore's early release from prison is a final, appealable order, from which the state's right to appeal is discretionary, not absolute.

**{¶36}** The State's assignment of error is meritorious. First, the trial court should not have considered Moore's motion for shock probation since he had already filed a prior

motion, which the court overruled. Second, because Moore committed the offenses with a firearm, he is not eligible for probation, which is a prerequisite for shock probation eligibility under former R.C. 2947.061. Finally, the trial court erred by finding Moore's plea was "constitutionally flawed" and a basis for granting his release; consideration of that issue was barred by res judicata. Accordingly, the judgment of the trial court is reversed, and the order granting Moore judicial release is vacated.

Vukovich, J., concurs.

Donofrio, J., concurs.